**Opinion filed April 12, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00261-CV

_____

## IN THE INTEREST OF O.W., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6968-CX**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of O.W.'s mother and father. The father (appellant) has filed a notice of appeal from the termination order. The mother has not filed an appeal. We affirm.

*Issues*

Appellant presents two points of error on appeal. He argues in his first point that the evidence is legally and factually insufficient to support the trial court's finding that he failed to comply with a court order setting out the provisions necessary for the return of O.W. to appellant. One of appellant's contentions in his first point is that the record on appeal contains no such trial court order. We note that a supplemental clerk's record containing three applicable orders was filed after appellant's brief was filed. In the second point, appellant asserts that the

evidence is legally and factually insufficient to support the finding that termination is in the best interest of O.W.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2011). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. Section 161.001. In this case, the trial court found that appellant committed one of the acts listed in Section 161.001(1). The trial court found that appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of O.W., who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months after being removed from her parents for abuse or neglect. *See* Section 161.001(1)(O). The trial court also found that termination was in O.W.'s best interest. *See* Section 161.001(2).

The record shows that the Department took possession of O.W. in April 2010, almost fourteen months prior to the final hearing in this case. Appellant was incarcerated at that time. O.W. was removed after she was found in a car with her mother, who was passed out. The car was in a parking lot, but the engine was running. There were syringes in the car. After removal, the Department prepared a service plan for appellant, and the service plan was incorporated into the trial court's status hearing order. Evidence presented at the final hearing in this case showed that appellant failed to comply with the service plan. A Department employee familiar with this case testified that appellant was incarcerated much of the time period relevant to this case but that, when he was not incarcerated, he took no initiative to comply with the provisions of the

2

service plan. Appellant also violated the terms of his parole by using drugs and was re-incarcerated about a month after being released. As a basic requirement of the service plan, appellant was to remain drug free and abstain from any criminal activity.

The trial court could reasonably have formed a firm belief or conviction that appellant failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of O.W., that O.W. had been in the permanent or temporary managing conservatorship of the Department for not less than nine months, and that the Department had removed O.W. from her parents for abuse or neglect. We cannot hold that the trial court's finding under Section 161.001(1)(O) is not supported by clear and convincing evidence; the evidence is both legally and factually sufficient to support the finding. Appellant's first point of error is overruled.

The next question we must address is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that O.W. was six years old at the time of the final hearing. O.W. had been placed with her great-grandmother shortly after removal and remained there at the time of trial. O.W. was "doing very well there," and all of her needs were being met.

There was evidence that O.W. had no bond with appellant and that she did not want to have any visitation with him. Appellant admitted that he had had very little contact with O.W. since she was born and that he had no relationship with her. Appellant also agreed that his life

had been "a mess" and that he could not provide a safe, stable environment for O.W. anytime in the near future. Appellant also admitted that he chose to use drugs again even after this case began. However, he did not want his parental rights terminated because he wanted to have an opportunity to be a father to O.W. in the future after he got his life straightened out.

Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction that termination of appellant's parental rights would be in O.W.'s best interest. We cannot hold that this finding is not supported by clear and convincing evidence. Thus, the evidence is both legally and factually sufficient to support the finding that termination of appellant's parental rights is in the best interest of O.W. Appellant's second point of error is overruled.

We affirm the trial court's order terminating the parental rights of O.W.'s father.


JIM R. WRIGHT

CHIEF JUSTICE


April 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4