**Affirmed and Memorandum Opinion filed August 9, 2012.**



In The

# Fourteenth Court of Appeals

---

NO. 14-11-00607-CV

---

**ELEFTHERIOS KALDIS, Appellant,**

**V.**

**U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, A SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-FF1, Appellee.**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County**
**Trial Court Cause No. 970540**

---

**MEMORANDUM OPINION**

In this forcible-detainer case, appellant Eleftherios Kaldis contends the trial court erred in granting final judgment in favor of appellee U.S. Bank National Association. Kaldis argues that the bank's claim to a superior right to possess the property is based on a business-records affidavit containing inadmissible hearsay. We disagree with Kaldis and affirm the judgment.

I

In 2009, the bank acquired the property located at 6206 Hummingbird Street in Houston at a non-judicial foreclosure sale. In July 2010, the bank filed a petition for forcible detainer seeking to evict Kaldis and all occupants of the property.

At the hearing on its petition, the bank submitted a copy of the foreclosure-sale deed and other supporting documents. Those documents included a business-records affidavit signed by Debra Coleman, an employee and custodian of records of the bank's counsel, Mackie Wolf Zientz & Mann, P.C. ("the law firm"). Coleman testified that the law firm sent "notice to vacate" letters to Kaldis at the bank's request on December 11, 2009, December 15, 2009, and June 22, 2010. Coleman averred that the letters were sent to Kaldis and to "Occupant" by certified mail, return receipt requested, and by first class mail. She stated that the letters sent by certified mail were returned to the law firm unclaimed, while none of the letters sent by first-class mail were returned. Attached to Coleman's affidavit were copies of the letters and other documents indicating that the post office returned the certified-mail letters to the law firm "unclaimed."

Counsel for Kaldis objected to the admission of the affidavit, arguing that it did not show that Coleman had personal knowledge of the statements she made and the substantive portions of the affidavit contained hearsay. Kaldis's counsel also argued that the postal documents were not created by or at the direction of the law firm and therefore constituted hearsay. The trial court overruled the objections and admitted the affidavit.

2

Kaldis testified that he did not receive any notices. He acknowledged his address was 6206 Hummingbird Street and he resided at the property, but he also testified he did not reside there "full time."

At the conclusion of the hearing, the trial court awarded possession of the property to the bank. This appeal followed.

II

Kaldis contends the bank failed to prove by competent evidence the date it delivered the required notice-to-vacate letters because the contents of Coleman's affidavit and the documents attached to it constitute hearsay. *See* Tex. Prop. Code § 24.005 (requiring landlord to provide tenant at least three days' written notice to vacate before filing a forcible-detainer suit). Specifically, Kaldis argues that the trial court erroneously admitted the affidavit over his objections that (1) the affidavit was not made on Coleman's personal knowledge, but rather was based on "the business records of the [bank]"; (2) the affidavit "went beyond being merely a business records affidavit and began equating to hearsay testimony necessary for the [bank] to prove its case"; and (3) the attached documents created by or at the direction of the U.S. Postal Service or obtained from the post office or its website constituted hearsay within hearsay that cannot be overcome by a business-records affidavit from the bank.

A

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.,* 180 S.W.3d 570, 575 (Tex. 2005); *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 609 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citing *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995)). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *See Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* Moreover, we will not reverse a trial court for an

3

erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *Id.; see also* Tex. R. App. P. 44.1.

B

1

First, Kaldis contends Coleman's affidavit was not based on her personal knowledge because she averred the following: "I have personal knowledge of the facts set out in this affidavit based on the business records of [the bank], and each and every statement contained herein is within my knowledge true and correct based on such records." Kaldis argues Coleman's knowledge based on "business records" does not suffice as personal knowledge. Kaldis is incorrect. An affiant's acknowledgement of the sources from which she gathered her knowledge does not violate the personal-knowledge requirement. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004) (rejecting contention affidavit not based on personal knowledge when affiant stated his determinations were based on his review of the company's human-resources database for the legal department); *Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 926 (Tex. App.—Dallas 2007, no pet.) (concluding affiant did not lack personal knowledge based on her review of her clients' business records and documents executed as part of transaction at issue).

Under the business-records exception to the hearsay rule, the following is not excluded even though the declarant is available as a witness:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

4

Tex. R. Evid. 803(6).

Thus, the proponent of records under the business-records exception must show (1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they record, and (4) the records were made by a person with knowledge who was acting in the regular course of business. *See In re E.A.K.,* 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Here, Coleman averred that she was both an employee and a custodian of the law firm's records. She also averred that she had "actual or constructive care, custody, and control of the attached records" relating to the bank's forcible-detainer proceeding against Kaldis. Additionally, Coleman states that the records were made in the regular course of the law firm's business by someone with personal knowledge, and that it was the regular course of business to keep such records. Thus, the affidavit substantially complies with Texas Rule of Evidence 902(10). *See* Tex. R. Evid. 803(6), 902(10); s*ee also E.A.K.*, 192 S.W.3d at 142 (explaining that witness laying predicate for admission of a document under business-records exception is not required to have personal knowledge of the information recorded in the document but need only have knowledge of how the records were prepared).[1]

2

Next, Kaldis contends the first full paragraph of the second page of Coleman's affidavit contains hearsay exceeding the scope of a business-records affidavit. Kaldis does not explain what information in the paragraph constitutes hearsay or why it is hearsay, and he cites no authority to support his contention other than directing us to

---

[1] Indeed, the rule reflects an intent to allow the admission of an organization's business records without requiring live testimony from all of the organization's employees who have personal knowledge of the content of the records. *See* Peter T. Hoffman, TEXAS RULES OF EVIDENCE HANDBOOK, Art. VIII at 858–59 (2012).

Texas Rules of Evidence 803(6), 803(7), and 902(10). Nevertheless, because Kaldis complains that the alleged hearsay was "necessary for the [bank] to prove its case," we understand his complaint to concern Coleman's statements describing the dates and ways in which the notice letters were mailed to him.

In her affidavit, Coleman avers the notice letters which were sent certified mail, return receipt requested, were mailed on specific dates and were returned by the post office unclaimed. Further, based on her review of the forcible-detainer file, none of the letters mailed by first-class mail at the same time were returned. These statements are supported by Coleman's testimony that she, as an employee and a custodian of the law firm's records, has personal knowledge of the facts set out in her affidavit, and that "each and every statement" in the affidavit is "within [her] knowledge true and correct," as well as her averment that she has "actual or constructive care, custody, and control" of the attached records relating to the Bank's forcible detainer proceeding against Kaldis. We conclude that Coleman's statements concerning the notice letters are not hearsay. Accordingly, the trial court did not abuse its discretion in admitting the affidavit.

Based on Coleman's affidavit, the trial court could have found (1) the law firm mailed notice-to-vacate letters to Kaldis on December 11, 2009, December 15, 2009, and June 22, 2010, by certified mail, return receipt requested, and by regular mail, (2) Kaldis failed or refused to claim the certified-mail letters, and (3) Kaldis received the letters sent by first-class mail. Further, the attached copies of the notice letters and the return-mail envelopes are properly authenticated business records of the law firm supporting the finding that the notice letters were delivered to Kaldis. Kaldis acknowledged that he resided, at least some of the time, at the address to which the letters were sent. Although Kaldis testified he did not receive any notices to vacate, the trial court, as the sole judge of the witnesses' credibility and the weight to be given their testimony, was not required to accept Kaldis's testimony. *See Reservoir Sys., Inc. v. TGS-NOPEC Geophysical Co.,* 335 S.W.3d 297, 304 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Finally, Kaldis contends other documents created by or at the direction of the U.S. Postal Service and attached to Coleman's affidavit[2] constitute inadmissible hearsay. Because we conclude the trial court's judgment was supported by both Coleman's affidavit and the attached business records demonstrating that the notice letters were mailed to Kaldis, we do not reach this contention.

* * *

We overrule Kaldis's issue and affirm the trial court's judgment.

/s/     Jeffrey V. Brown
Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

---

[2] Although Kaldis complains generally about postal service documents not created by or at the direction of the bank's law firm, the only document to which he specifically directs the court's attention is a USPS "Track & Confirm" search result for the June 2010 notice letter.