

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00739-CV

**IN THE INTEREST OF L.M.D.M.**, a Child

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 13426
Honorable Robert R. Barton,[1] Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 11, 2015

AFFIRMED

Thomas appeals the trial court's judgment terminating his parental rights to L.M.D.M.[2] The sole issue on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that Thomas's criminal conduct resulted in his inability to care for L.M.D.M. for the length of time required by § 161.001(1)(Q) of the Texas Family Code because Thomas's mother offered to care for L.M.D.M. *See* TEX. FAM. CODE ANN. § 161.001(1)(Q) (West 2014). We affirm.

---

[1] Senior Judge, sitting by assignment.
[2] To protect the identity of the minor child, we refer to the child's parent by his first name and to the child by the child's initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

BACKGROUND

The Texas Department of Family and Protective services filed a petition seeking to terminate Thomas's parental rights, alleging he "knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition," in violation of § 161.001(1)(Q). At trial, the State's evidence showed Thomas was serving sentences for numerous drug offenses. Thomas's mother testified she would care for L.M.D.M. The trial court found Thomas violated § 161.001(1)(Q) and that termination of his parental rights was in L.M.D.M.'s best interest.[3] Thomas appeals.

DISCUSSION

Judgments terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine if the heightened burden of proof was met, we employ a heightened standard of review—judging whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role. *Id.* at 26. We are not to reweigh issues of witness credibility but "'must defer to the [factfinder's] determinations so long as those determinations are not themselves unreasonable.'" *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (quoting *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004)).

Legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or

---

[3] The trial court also terminated the parental rights of L.M.D.M.'s mother, who did not appear at trial.

conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* But we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the State's heightened burden of proof by clear and convincing evidence. *Id.*

When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* We hold the evidence to be factually insufficient only if, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction. *Id.*

Imprisonment alone is insufficient to justify termination of the parent-child relationship under § 161.001(Q). *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). The Department must first establish by clear and convincing evidence that the parent knowingly engaged in criminal conduct resulting in a conviction and confinement for at least the two-year period after the filing of the petition. *See* § 161.001(1)(Q). The burden then shifts to the parent to produce some evidence showing the parent made arrangements for the care of the child during imprisonment. *In re H.RM.*, 209 S.W.3d 105, 110 (Tex. 2006); *In re Caballero*, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied). If the parent meets this burden of production, then the Department has the burden of persuasion to show that the arrangements would not satisfy the parent's duty to the child. *In re Caballero*, 53 S.W.3d at 396. The trial court may consider evidence of whether the arrangement is safe for the child. *See In re N.R.T.*, 338 S.W.3d 667, 674-75 (Tex. App.—Amarillo 2011, no pet.). A trial court may find a parent's arrangement fails to satisfy the parent's duty to the child if the Department's home study concludes the arrangement is not a

suitable placement for the child. *See, e.g.*, *In re G.C.*, No. 01-12-00935-CV, 2013 WL 816440, at *5-6 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013, pet. denied) (mem. op.).

Thomas does not challenge the Department's evidence that he knowingly engaged in criminal conduct resulting in his incarceration for at least two years from the date of the filing of the petition. Rather, he argues the evidence is insufficient to support a finding that he was unable to care for L.M.D.M. because his mother testified she would care for L.M.D.M. and received a "favorable" home study.

However, Thomas's mother admitted she failed the home study conducted by the Department. Shelli Nix, a Department caseworker, testified the Department conducted a home study and Thomas's mother was not approved. There was also testimony that Thomas's mother used drugs with Thomas and L.M.D.M.'s mother. Thomas's mother admitted L.M.D.M. had not stayed more than a day at her home. She further testified she knowingly married a convicted murderer to whom she was still married and living with when the petition was filed. The trial court could have reasonably formed a firm belief or conviction that Thomas's mother was unable to satisfy Thomas's duty to care for L.M.D.M. while he was imprisoned.

### CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice