

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00197-CV

## IN THE INTEREST OF O.D.M.S. AND N.S., CHILDREN

**From the County Court at Law No. 2
Johnson County, Texas
Trial Court No. CC-D20140312**

## MEMORANDUM OPINION

Angelica appeals from a judgment that terminated her parental rights to her children, O.D.M.S. and N.S. TEX. FAM. CODE ANN. § 161.001(b) (West 2014). Because we find that the evidence was legally and factually sufficient as to at least one predicate ground and that termination was in the best interest of the children, we affirm the judgment of the trial court.

After a bench trial, the trial court found that Angelica had committed the predicate grounds as set forth in Section 161.001(b)(1)(D), (E), and (R) and that termination was in the children's best interest. In three issues, Angelica complains that the evidence was legally and factually insufficient to support the finding that she committed any of the predicate grounds; and in a fourth issue, she contends the evidence is legally and

factually insufficient to support the finding that termination was in the children's best interest.

In order to terminate the parent-child relationship, there must be clear and convincing evidence that the parent committed one or more of the grounds specifically set forth in Texas Family Code Section 161.001(b)(1) and that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), (2); .206(a) (West 2014). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). We review the legal and factual sufficiency of the evidence to support a predicate ground pursuant to the well-recognized standards enunciated in *In re J.P.B.* and *In re J.F.C. In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

## ENDANGERMENT UNDER (E)

Subsection (E) of Section 161.001(b)(1) requires proof of endangerment, which means exposing a child to loss or injury or jeopardizing a child's emotional or physical health. *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). With respect to subsection (E), the endangerment must be the direct result of the parent's conduct and must be the result of a conscious course of conduct rather than a single act or omission. *In re A.S.*, 261 S.W.3d 76, 83 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *In re J.W.*, 152 S.W.3d 200, 205 (Tex. App.—Dallas 2004, pet. denied). Although an endangerment finding requires more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the parent's conduct be

directed at the child or that the child actually suffer injury; rather, it is sufficient if the conduct endangers the emotional well-being of the child. *See In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *Boyd*, 727 S.W.2d at 533.

"Because it exposes the child to the possibility that the parent may be impaired or imprisoned, illegal drug use may support termination under section 161.001(1)(E)." *Walker v. Tex. Dep't Fam. & Prot. Servs.*, 312 S.W.3d 608, 617-18 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Additionally, although imprisonment, standing alone, does not constitute "engaging in conduct which endangers the emotional or physical well-being of the child," it is a fact for the trial court to consider on the issue of endangerment. *See Boyd*, 727 S.W.2d at 533-34; *In the Interest of S.F.*, 32 S.W.3d 318, 322 (Tex. App.—San Antonio 2000, no pet.).

*Relevant Facts*

At the time the children were removed from Angelica's care, O.D.M.S. was just over one year old and N.S. was just under one month old. Angelica admitted to smoking marijuana while pregnant with N.S. and while pregnant with O.D.M.S. She also admitted that O.D.M.S. tested positive for marijuana when he was born. During the time she was pregnant with N.S., Angelica also admitted to smoking marijuana outside her house while O.D.M.S. was napping in the house. She did not, however, believe that smoking marijuana outside while O.D.M.S. was inside endangered O.D.M.S. Angelica admitted to going to a drug dealer's house, whose full name she would not reveal, to buy marijuana while pregnant with N.S. At the time of trial, however, Angelica had not tested positive for drugs for almost a year.

Further, at the time of trial, Angelica was incarcerated for the offense of possession of methamphetamine and would not be released from confinement for another nine months. She denied, however, that the methamphetamine was hers and did not believe that her conviction was contrary to the children's welfare and best interest.

*Conclusion*

Based on this record and viewing the evidence using the referenced standards for the legal and factual sufficiency of the evidence, we find that the evidence was sufficient for the trial court to have found by clear and convincing evidence that Angelica engaged in conduct that endangered the children's physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E) (West 2014). Angelica's second issue is overruled.

Because only one predicate ground under Section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest, we need not discuss Angelica's first and third issues. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

**BEST INTEREST**

In her fourth issue, Angelica complains that the evidence was legally and factually insufficient for the trial court to have found that the termination of the parent-child relationship was in the best interest of O.D.M.S. and N.S. In determining the best interest of a child, a number of factors have been considered which have been set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id.* The *Holley* factors focus on the best interest of the child, not the best interest of the parent.

*Dupree v. Tex. Dep't Prot. & Reg. Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). The goal of establishing a stable permanent home for a child is a compelling state interest. *Id.* at 87. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *In re S.H.A.*, 728 S.W.2d 73, 92 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (en banc).

*Relevant Facts*

The children were very young when removed from Angelica's care. At a little over a year old, O.D.M.S. was non-verbal, socially detached, and cried a lot. Both children were placed in the same foster home. In foster care, O.D.M.S. has made "tremendous improvement" and N.S. is a "social butterfly." Angelica has no family support. At the time of the trial, she was incarcerated for possession of methamphetamine and had no place to keep the children for the next nine months. Although she could not complete some aspects of the service plan provided by the department because she was in jail, Angelica did not complete any part of the service plan. Further, she would not give the name of her marijuana dealer, did not think marijuana should be illegal, and did not think a home where marijuana was smoked could endanger a child.

*Conclusion*

Considering the *Holley* factors applying the above referenced legal standards, we find that the evidence was legally and factually sufficient for the court to have found that termination of the parent-child relationship was in the best interest of O.D.M.S. and N.S. Angelica's fourth issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 8, 2016
[CV06]

