**In the Interest of J.P.B., a child.**

No. 05–0241.

Supreme Court of Texas.

Dec. 9, 2005.

Bruce Isaacks, Criminal District Atty., Sherry Shipman, Asst. District Atty., Catherine Luft, Asst. District Atty., Vicki L Foster, Asst. District Atty., Kathleen A. Walsh, Denton County District Atty., Denton, for Petitioner.

Tiffany L. Haertling, Holmes, Woods, Diggs & Eames, Robert N. Eames, Philips Hopkins Eames & Cobb, Denton, Charles E. Beachley III, Durand & Associates, Lewisville, Robert H. Wiley, Denton, for Respondent.

Lanham Odom, Denton, for Intervenor.

L. James Ashmore, Lawisville, for Other.

PER CURIAM.

Lonnie B. and Esmeralda B. are the natural parents of J.P.B., the couple's first and only child.[1] In this parental termination case, we decide four issues: (1) whether there was legally sufficient evidence to support the jury's finding that Lonnie's parental rights should be terminated; (2) whether there was legally sufficient evidence to support the jury's finding that Esmeralda's parental rights should be terminated; (3) whether Esmeralda was denied effective assistance of counsel; and (4) whether the trial court improperly admitted x-ray evidence. We conclude that there is legally sufficient evidence to support terminating Lonnie's parental rights. We also conclude that Esmeralda failed to preserve her legal sufficiency complaint, Esmeralda was not denied effective assistance of counsel, and the trial court did not abuse its discretion in admitting the x-ray evidence. Accordingly, we reverse the

---

1. To preserve the parties' privacy, we identify the parents by first name and the child by initials. *See* TEX. FAM. CODE § 109.002(d).

court of appeals' judgment as to Lonnie and remand the case to that court for a factual sufficiency review. We affirm the court of appeals' judgment as to Esmeralda.

J.P.B. was born seven weeks premature on April 25, 2002. After the child was released from the hospital on May 21, 2002, Esmeralda cared for him at home while Lonnie worked at an airplane parts manufacturer. In early July 2002, Lonnie and Esmeralda took J.P.B. to the emergency room on two occasions due to concerns about his constant crying and swollen leg. J.P.B. was admitted to the hospital on July 7, 2002 and released eight days later with a diagnosis of muscle inflammation. At a July 19, 2002 follow-up appointment, J.P.B.'s skeletal x-ray revealed twenty-one fractures—ranging from one to four weeks in age—in his ribs, arms, and legs. The Texas Department of Protective and Regulatory Services (TDPRS) removed J.P.B. from Lonnie and Esmeralda's home the following day.

TDPRS filed suit to terminate the couple's parental rights. The jury found by clear and convincing evidence that (1) Lonnie knowingly placed or knowingly allowed J.P.B. to remain in conditions or surroundings that endangered his physical or emotional well-being; (2) termination of Lonnie's parental rights was in J.P.B.'s best interest; (3) Esmeralda knowingly placed or knowingly allowed J.P.B. to remain in conditions or surroundings that endangered his physical or emotional well-being and engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (4) termination of Esmeralda's parental rights was in J.P.B.'s best interest. In conformity with the jury's verdict, the trial court terminated Lonnie's and Esmeralda's parental rights.

The court of appeals concluded that no evidence supported the judgment against Lonnie, reversed the judgment, and rendered judgment restoring Lonnie's parental rights. 2005 WL 327168. With regard to Esmeralda, the court of appeals concluded that sufficient evidence supported the judgment terminating her parental rights, she was not denied effective assistance of counsel, and the x-ray evidence was not improperly admitted. *Id.* 2005 WL 327168, at *8. Accordingly, the court of appeals affirmed the trial court's judgment as to Esmeralda. *Id.* 2005 WL 327168, at *8.

We first consider whether there was legally sufficient evidence to support the judgment terminating Lonnie's parental rights. To terminate parental rights, the fact-finder must find by clear and convincing evidence that the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(1)-(2). The jury in this case found by clear and convincing evidence that Lonnie "knowingly placed or knowingly allowed [J.P.B.] to remain in conditions or surroundings which endangered his physical or emotional well-being." *Id.* § 161.001(1)(d).[2]

---

2. In the court of appeals, Lonnie challenged only the jury's finding of grounds for termination under section 161.001(1)(d) of the Texas Family Code; he did not challenge the jury's finding that termination was in the best interest of the child, nor did he challenge the appointment of Lonnie's parents as J.P.B.'s permanent managing conservators. Accordingly, the only issue considered by the court of appeals and the only issue reviewed here as to Lonnie is whether there was sufficient evidence for the jury to find that Lonnie knowingly placed or knowingly allowed J.P.B. to remain in conditions or surroundings which

■ In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002). Therefore, in conducting a legal sufficiency review in a parental termination case, we must consider all of the evidence, not just that which favors the verdict. *See City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). However, as we have noted previously, witness credibility issues "that depend on appearance and demeanor cannot be weighed by the appellate court; the witnesses are not present. And even when credibility issues are reflected in the written transcript, the appellate court must defer to the jury's determinations, at least so long as those determinations are not themselves unreasonable." *Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex.2004).

■ The following evidence supports the jury's finding that Lonnie knowingly placed or knowingly allowed J.P.B. to remain in conditions or surroundings that endangered his physical or emotional well-being:

- Lonnie testified that he and Esmeralda shared in J.P.B.'s care, and no other person served as J.P.B.'s primary caregiver.
- A July 7, 2002 x-ray revealed that J.P.B. had rib fractures that likely occurred between July 5, 2002 and July 7, 2002. Lonnie testified that he and Esmeralda were home alone with J.P.B. on those dates.
- TDPRS's radiology expert testified that twenty-one fractures were detected in J.P.B.'s July 19, 2002 skeletal survey and that the fractures were approximately one to four weeks old.
- TDPRS presented expert testimony that: (1) J.P.B.'s injuries were likely caused by excessive force such as abrupt yanking, pulling, or punching, and were probably not the result of J.P.B.'s medical care; (2) a parent should have known that something was wrong with a child with such injuries; and (3) the parents should have noticed high-pitched screams from J.P.B. due to the fractures.

We must also consider undisputed evidence that does not support the jury finding. *See In re J.F.C.*, 96 S.W.3d at 266. Lonnie contends that the undisputed evidence showed that he took J.P.B. to either a doctor's office or hospital eight times between May 23, 2002 and July 19, 2002, yet J.P.B.'s fractures were not diagnosed until the eighth visit. Although J.P.B. was x-rayed on July 7, 2002, no fractures were diagnosed at that time. In addition, while J.P.B. was hospitalized from July 7 to July

endangered his physical or emotional well-        being.

15, 2002, his fractures were not diagnosed until a July 19, 2002 follow-up appointment. The court of appeals cited to these facts in holding that there was no evidence to support the termination of Lonnie's parental rights. 2005 WL 327168, at *11 .

While it is true that Lonnie sought medical care for J.P.B. multiple times and that J.P.B.'s doctors initially failed to diagnose the fractures, that evidence does not negate the jury's finding that Lonnie knowingly permitted J.P.B. to remain in a setting that was dangerous to his physical well-being. Lonnie was with J.P.B. and Esmeralda every day of the four-week period during which the fractures likely occurred; J.P.B.'s doctors were not. There was evidence that J.P.B. sustained twenty-one fractures during a time when he was under Lonnie's care, and those fractures were likely caused by such abusive treatment as yanking, pulling, or punching. The evidence also indicated that the fractures did not occur all at once and were the result of ongoing mistreatment. In light of this evidence, a reasonable jury could infer that, even though Lonnie sought medical treatment for J.P.B., he nevertheless allowed the child to remain in surroundings that endangered his physical well-being. While Lonnie may have reacted appropriately to symptoms of abuse, the evidence supports a finding that he knowingly failed to ameliorate the underlying cause. It was within the jury's province to judge Lonnie's demeanor and to disbelieve his testimony that he did not know how J.P.B. was injured. *See Southwestern Bell Tel. Co.*, 164 S.W.3d at 625. Therefore, we conclude that there was legally sufficient evidence for a reasonable factfinder to form a "firm belief or conviction" that Lonnie knowingly placed or knowingly allowed J.P.B. to remain in conditions or surroundings that endangered his well-being.

■ We next consider Esmeralda's claims. First, she argues that there is no evidence to support the termination of her parental rights. The court of appeals correctly held that Esmeralda failed to preserve this "no evidence" point. 2005 WL 327168, at *9.. We have held previously, however, that the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in the trial court—if the parent's counsel unjustifiably failed to preserve error. *In re M.S.*, 115 S.W.3d 534, 548 (Tex.2003). We have not extended this rule to the preservation of "no evidence" points, and it is not necessary to do so here. Esmeralda never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error; rather, she asserted the "no evidence" point without addressing the preservation issue. It is reasonable to presume that her counsel's decision not to raise a "no evidence" point was based either on litigation strategy or on her counsel's belief that, in his professional opinion, the evidence was legally sufficient and preservation of error was not warranted. *See id.* at 549. Accordingly, we hold that Esmeralda did not demonstrate that her counsel unjustifiably failed to preserve a "no evidence" issue.

■ Esmeralda also argues that she was denied her right to effective assistance of counsel because her trial attorney was appointed less than thirty days prior to trial. To successfully assert an ineffective assistance of counsel claim, a defendant in a parental termination case must show that his or her counsel's performance was deficient and that this deficiency prejudiced the defense. *Id.* at 545 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The record indicates that Esmer-

alda's counsel participated fully in all aspects of her defense, including objecting to the admission of evidence, cross-examining witnesses, and submitting a proposed jury charge. We therefore agree with the court of appeals that Esmeralda failed to demonstrate that her counsel's performance was deficient. Additionally, Esmeralda failed to demonstrate that her counsel's performance prejudiced her defense; she has not pointed to any specific evidence she could have produced to contradict TDPRS's witnesses if her attorney had been given additional time to prepare. Accordingly, we hold that Esmeralda failed to prove that her counsel's assistance was ineffective.

■ Finally, Esmeralda argues that the trial court erred in admitting TDPRS's x-ray evidence without proper authentication because the x-rays were printed from a computer program that allowed alteration of the image. We agree with the court of appeals that the trial court did not err in admitting this evidence. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See State v. Bristol Hotel Asset Co.,* 65 S.W.3d 638, 647 (Tex.2001). The requirement of authentication as a condition precedent to admissibility may be satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). In this case, TDPRS offered the testimony of a radiologist who worked at the hospital at which the disputed x-rays were taken. He testified that while the computer program could be used to crop the x-ray or adjust the brightness and contrast of the image, it could not add to or otherwise alter the x-ray. We hold that the trial court did not abuse its discretion in admitting the x-ray evidence.

For the foregoing reasons, and without hearing oral argument, we reverse the

court of appeals' judgment as to Lonnie and remand to the court of appeals to consider his factual sufficiency complaint. TEX.R.APP.P.59.1, 60.2(d). We affirm the court of appeals' judgment as to Esmeralda. *Id.* 60.2(a).