

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-226-CV**

NANSII DOWNER                                                    APPELLANT

V.

SIMON PROPERTY GROUP                                             APPELLEE
TEXAS, L.P. D/B/A NORTH
EAST MALL

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Nansii Downer appeals from a take-nothing jury verdict in favor of Appellee Simon Property Group Texas, L.P. d/b/a North East Mall, in her slip-and-fall action against North East Mall. In one issue, Downer argues that the trial court abused its discretion by not allowing her expert to testify concerning the appropriate placement of kiosks in relation to potential hazards. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Downer brought this action after she allegedly slipped and fell down concrete steps leading to a fountain in North East Mall. According to Downer, she was looking at merchandise on a kiosk when she fell and was injured. Downer alleges that the position and placement of the kiosk in relation to the stairs created a dangerous condition.

Prior to trial, Downer designated Scott Goodwin as an expert witness. After taking Goodwin's deposition, North East Mall filed a motion to strike his testimony, arguing that Goodwin was not qualified to render opinions regarding the safe placement of kiosks in retail establishments. The trial court granted North East Mall's motion and ordered that Goodwin not be allowed to testify.

During trial, outside the presence of the jury, Downer made an offer of proof regarding Goodwin's testimony. Downer offered that Goodwin would have testified that he was a visual merchandising expert; that kiosks are specifically designed to attract customers and divert their attention toward the products displayed; that kiosks are designed to "completely consume" a shopper and that kiosks should therefore not be placed in close proximity to any potential hazards; and that based on his education, training, and experience, North East Mall should have known that the placement of the kiosk at issue in this case created an unreasonable risk of harm to shoppers by being in close proximity to the stairs. The trial court again ruled that

2

Goodwin not be allowed to testify. After trial, the jury returned its verdict in favor of North East Mall. This appeal followed.

## III. DISCUSSION

In her sole issue, Downer argues that the trial court erred by excluding Goodwin's testimony. We disagree.

A trial court's rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion in excluding expert testimony if the testimony is relevant to the issues in the case and is based on a reliable foundation. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). In order for an expert's testimony to be based on a reliable foundation, an expert witness must be qualified. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 904 (Tex. 2004). To establish a witness's expert qualifications, the party calling the witness must show "that the expert has 'knowledge, skill, experience, training, or education' regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject." *Roberts v. Williamson*, 111 S.W.3d 113, 121 (Tex. 2003) (quoting *Broders v. Heise*, 924 S.W.2d 148, 153 (Tex. 1996) (quoting Tex. R. Evid. 702)).

3

In this case, the trial court was concerned about whether Goodwin was qualified to testify regarding the proximity of potential hazards in relationship to kiosks. This concern is verified by Goodwin's own deposition testimony. In his testimony, Goodwin conceded that he had never taken any courses regarding proper placement of kiosks within retail shopping environments. Goodwin also conceded that he had never obtained training of any kind regarding safety issues pertaining to the placement of merchandising structures in retail spaces. Goodwin even admitted that, at least in the last five years before the deposition, he had never evaluated how far kiosks need to be from other potentially hazardous structures. To this same end, Goodwin averred that he had never done studies or surveys pertaining to applicable standards regarding the placement of kiosks in relation to potentially hazardous conditions. And although Goodwin said that he was aware of studies pertaining to safe kiosk placement, he admitted that he had not reviewed such studies prior to forming his opinion as to whether the kiosk at issue in this case was placed a proper distance from the stairs. We hold that the trial court's determination to exclude Goodwin's testimony is supported by the law as applied to the facts in the record; thus, the trial court did not abuse its discretion. *See Malone*, 972 S.W.2d at 43. We overrule Downer's sole issue.

4

## IV. Conclusion

Having overruled Downer's sole issue, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

GARDNER, J. concurs without opinion.

DELIVERED: July 8, 2010