**Opinion filed April 3, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00301-CV
_____

## IN THE INTEREST OF L.J.P., A CHILD

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM 55,417**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order that terminated the parental rights of both the mother and the father of L.J.P. The mother, Appellant, has filed a notice of appeal.[1] In her single issue on appeal, Appellant challenges the sufficiency of the evidence to support the finding that termination is in the best interest of L.J.P. We affirm.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review

---

[1]The father did not appeal.

all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that Appellant committed two of the acts listed in Section 161.001(1). The trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child and that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. *See id.* § 161.001(1)(D), (E). Appellant does not challenge the findings made pursuant to Section 161.001(1). Either of these unchallenged findings was sufficient to support termination as long as termination was shown to be in the child's best interest. *See id.* § 161.001. The trial court also found that termination was in the child's best interest. *See id.* § 161.001(2).

The question before us is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child,

2

(2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department of Family and Protective Services originally became involved with L.J.P. in August 2011, when drug tests taken upon her birth were positive for amphetamine and methadone. Appellant admitted that she had used heroin about one week prior to L.J.P.'s birth. The Department determined that the parents' home was inappropriate and dangerous. The parents failed to perform the family-based safety services and, after the Department initiated an emergency removal, absconded with L.J.P. After six months of attempting to locate L.J.P., the Department dismissed the case.

About one year after the parents absconded with L.J.P., the parents and L.J.P. were discovered in a van in a parking lot. Officer Reymundo Tobar was directed to the van when he responded to a report of a female staggering with a baby in the parking lot. Officer Tobar observed L.J.P.'s parents, unclothed, in the driver's seat of the van, having sex. L.J.P., who was approximately eighteen months old, was standing next to her parents while they were engaging in intercourse. It was cold and rainy, and L.J.P. was wearing only a diaper. A syringe that had no top on it and, thus, had an exposed needle was located on the floor of the van "right where the child was standing." This syringe contained a

3

black substance that was later determined to be heroin. The van contained a total of thirty-six syringes; two small bags of bath salts; "old, old food"; and dirty clothes. Two more small bags were discovered on the father when he was searched at the jail. The father told officers these bags contained speed, bath salts, and heroin. Officer Tobar testified that both of L.J.P.'s parents were fidgety and sweaty and appeared to be under the influence of some type of substance.

Appellant was incarcerated at the time of the final termination hearing, but she participated in the hearing via telephone. The record shows that Appellant had been convicted of interference with child custody, possession of a controlled substance (twice), and endangering a child. Appellant testified that her projected parole date is November 20, 2014. Appellant refuted Officer Tobar's allegations regarding the incident in the parking lot. She testified that she was not having intercourse in the van; that she was not under the influence of narcotics; that there were no syringes on the floor of the van near L.J.P.; and that, to her knowledge, there were no drugs in the van.

Prior to L.J.P.'s birth, Appellant had had a son, and her rights to that child had been terminated. Shortly after the parents' arrest in this case, the Department placed L.J.P. in the same home as her brother. L.J.P.'s foster parents had adopted L.J.P.'s brother and were also interested in adopting L.J.P. L.J.P., who was two years old at the time of trial, was doing well in her placement. Two Department employees testified that they believed it would be in the best interest of L.J.P. for the parents' rights to be terminated. The child's guardian ad litem also recommended termination and stated that it would be in L.J.P.'s best interest to terminate the parental rights of both Appellant and the father and to permit adoption by the current foster parents.

The record shows that Appellant had engaged in a course of conduct that endangered L.J.P., that Appellant had not demonstrated an ability to meet L.J.P.'s

4

needs, that L.J.P. was doing well in her current placement, that the current placement was stable, and that the circumstances in this case were "pretty severe." We cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence; the trial court could reasonably have formed a firm belief or conviction that it would be in L.J.P.'s best interest for Appellant's parental rights to be terminated. The evidence is both legally and factually sufficient to support the best interest finding. We overrule Appellant's sole issue.

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


April 3, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.