**Opinion filed October 4, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00100-CV

_____

## IN THE INTEREST OF S.P.R., A CHILD

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 50,160**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of S.P.R. The father filed a notice of appeal, but the mother, who voluntarily relinquished her rights, did not appeal. On appeal, Appellant presents two issues in which he challenges the legal and factual sufficiency of the evidence. We affirm.

*Termination Standards and Findings*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). To determine if

the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

After hearing the evidence presented at the final hearing in this case, the trial court found that Appellant had committed one of the acts listed in Section 161.001(b)(1)—that found in subsection (Q). Specifically, the trial court found that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the petition was filed in this case. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

2

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Analysis*

In his first issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding under subsection (Q). To support a finding under subsection (Q), the record must show that the parent will be incarcerated or confined and unable to care for the child for at least two years from the date the termination petition was filed. FAM. § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). Appellant does not dispute that he has been convicted of a crime and incarcerated, nor does he dispute the fact that he will remain incarcerated for at least two years from the date the petition was filed. Rather, he contends that the evidence showed that he "had provided adequate alternative care" for the child during the time of his incarceration. We disagree.

The Department of Family and Protective Services filed the original petition in this case on December 15, 2014. Appellant pleaded guilty and was convicted in federal court on September 3, 2014, of the offense of conspiracy to distribute and to possess with the intent to distribute methamphetamine in an amount of fifty grams or more. The judge in that case sentenced Appellant to a term of imprisonment for 151 months. Appellant was incarcerated in New Jersey at the time of the final

hearing and appeared via telephone. Appellant testified that his projected release date is sometime in 2019.

Although Appellant was unable to personally provide for S.P.R.'s care and unable to support her financially, he proposed a substitute caregiver. Appellant testified that he had "somebody in mind": his cousin H.N.R. He listed H.N.R. as a potential caregiver on a form he sent to the Department. Appellant asked that S.P.R. be placed with H.N.R. until Appellant's release from prison. According to Appellant, H.N.R. was willing and able to help him take care of S.P.R.

The conservatorship worker for this case testified that the Department had received a caregiver resource form from Appellant and had conducted a home study on H.N.R. However, the home study was not approved due to H.N.R.'s financial situation and a concern that involved pending charges against H.N.R.'s boyfriend. S.P.R.'s guardian ad litem, a CASA representative, testified that she agreed with the Department's decision not to approve H.N.R. as a placement. The record shows that the Department had also considered other family members as potential placements. S.P.R. had originally been placed with Appellant's parents, but Appellant's parents subsequently contacted the Department and asked that S.P.R. be removed from their home.

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant had knowingly engaged in criminal conduct, that he was duly convicted and imprisoned for that conduct, and that his imprisonment and inability to care for S.P.R. would continue for more than two years after the date that the petition was filed. Furthermore, Appellant's suggested placement of S.P.R. with H.N.R. was not a viable alternative because the Department had investigated that possibility and disapproved. The record contains no evidence to indicate that anyone other than H.N.R. was willing

4

to care for S.P.R. on Appellant's behalf during his incarceration. *See H.R.M.*, 209 S.W.3d at 110. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under subsection (Q). *See id.* at 108– 10. We overrule Appellant's first issue.

In his second issue, Appellant challenges the trial court's finding that termination of his parental rights would be in the best interest of the child. With respect to S.P.R.'s best interest, the record reflects that she had been placed in a stable foster home and that she was thriving and happy in that placement. The Department's goal for her was termination and unrelated adoption. Appellant did not want his parental rights to be terminated and did not believe that termination would be in S.P.R.'s best interest because he was her father and because he loved her and wanted to be there for her after his rehabilitation. Appellant admitted, however, that he did not have much of a relationship with S.P.R. He said that he had lived with S.P.R. and her mother until S.P.R. was about three years old. At the time of trial, S.P.R. was almost seven years old, and Appellant had been incarcerated for two and one-half years. He had not had any contact with S.P.R. during that period of time.

The caseworker indicated that, putting S.P.R. "on hold" until Appellant's release from prison would hold her back from stability and permanency. The CASA representative, who had visited with S.P.R. every month during the pendency of this case, testified that S.P.R. had not mentioned her father or expressed any interest in being with her father. The CASA representative believed that it would be in S.P.R.'s best interest for Appellant's parental rights to be terminated and for S.P.R. to be adopted by a nonrelative. Based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in S.P.R.'s best interest. *See*

*Holley*, 544 S.W.2d at 371–72. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the trial court's order of termination.

JOHN M. BAILEY

JUSTICE

October 4, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.