**Opinion filed January 24, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00204-CV

_____

## IN THE INTEREST OF J.A.P. AND J.E.P., III, CHILDREN

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-3549-PC**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the mother and the father of J.A.P. and J.E.P., III. The father appeals. On appeal, the father presents six issues in which he challenges the sufficiency of the evidence to support the termination of his parental rights. We affirm.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding

was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (E), (N), and (O). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered

2

the children's physical or emotional well-being; that Appellant had constructively abandoned the children; and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. In his third, fourth, fifth, and sixth issues, Appellant challenges the legal and factual sufficiency of the evidence to support the best interest finding and the findings under subsections (E) and (O). Appellant, however, does not present any argument with respect to these four issues, nor does he present any issue or argument challenging the sufficiency of the evidence to support the trial court's finding under subsection (N). "Only one predicate finding" under Section 161.001(b)(1) is necessary. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Accordingly, the unchallenged finding under Section 161.001(b)(1)(N) is sufficient to support the termination of Appellant's parental rights as long as termination was shown to be in the children's best interest. *In re B.K.D.*, 131 S.W.3d 10, 16 (Tex. App.—Fort Worth 2003, pet. denied). Therefore, we need only address Appellant's challenges to the legal and factual sufficiency of the evidence with respect to the trial court's best interest finding, which Appellant presents in his first and second issues. *See* TEX. R. APP. P. 47.1.

The record reflects that the final order of termination was issued after a de novo hearing before the district judge. The parties called no witnesses to testify at that hearing, and the district judge rendered judgment based upon the record from the original termination hearing before the associate judge.

That record shows that the Department initially became involved in this case when the children's infant sister was fatally injured as a result of blunt force trauma

to the head. At the time of the infant's injury, the mother was responsible for their care. Appellant was not present when the infant was harmed, and the children were initially placed with him. However, the Department removed the children from Appellant's care because he was not meeting their medical needs and because he was permitting the children to visit their mother, who had been charged with child endangerment. The children were subsequently placed in various homes, and much of the testimony from the hearing relates to these placements and to the Department's decisions related to placement.

With respect to Appellant, there was undisputed evidence that he had been in and out of jail while this case was pending; that he did not complete his court-ordered services; that he did not attend grief counseling; and that, at the time of the initial termination hearing, he had not visited the children in several months. There was also evidence that Appellant's criminal history included, in chronological order, possession of marihuana in a drug-free zone, reckless driving, possession of marihuana, possession of a controlled substance, aggravated assault with a deadly weapon, possession of marihuana, unauthorized use of a vehicle (two counts), and aggravated robbery (three counts). The victim of the aggravated assault with a deadly weapon, which occurred while the termination proceeding was pending, was the children's mother. Testimony indicated that, at the time of trial, Appellant could not provide a safe and protective home for the children. A representative of the Department testified that the children's best interest would be served by the termination of Appellant's parental rights. The Department's goal for the children was termination of the parents' rights and adoption by the placement family.

Although the children loved Appellant, they had not seen him in a long time. Appellant testified in his own behalf at trial. He asked that the children be placed with him or with members of his family. When asked about the offenses that were

4

committed while this case was pending, Appellant invoked his rights under the Fifth Amendment.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. Considering the evidence of the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of the placement, the plans for the placement to adopt the children, the stability of the placement's home, domestic violence between the parents, and Appellant's criminal history—which included multiple arrests while this case was pending, we conclude that the trial court could reasonably have formed a firm belief or conviction that it would be in the children's best interest for Appellant's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. Accordingly, we overrule Appellant's first and second issues.

We affirm the trial court's order of termination.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

January 24, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.