**Opinion filed March 28, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00274-CV

_____

## IN THE INTEREST OF Z.C.I. AND I.V.I., CHILDREN

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 16-05-19804**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the parents of Z.C.I. and I.V.I. The mother filed an appeal. On appeal, she challenges the sufficiency of the evidence to support the trial court's best interest finding. We affirm.

*Termination Standards and Findings*

In a single issue on appeal, Appellant asserts that the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights was in the best interest of her children. Appellant specifically argues

that the trial court should have considered alternatives to termination, such as appointing her as a possessory conservator.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b). In this case, the trial court found that Appellant had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being, had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and had failed to comply with provisions of a court order that specifically established the actions necessary for her to obtain the return of the children. *See id.* § 161.001(b)(1)(D), (E), (O). Appellant does not challenge these findings, but she does challenge the trial court's finding that termination is in the children's best interest. *See id.* § 161.001(b)(2). Accordingly, we will uphold the order of termination if the evidence is sufficient to support the best interest finding.

2

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Analysis*

The Department of Family and Protective Services originally became involved with the two young children in this case when I.V.I. was hospitalized after being found limp and unresponsive at home. I.V.I. had suffered chronic subdural hemorrhages and required surgery to remove bloody fluid from around her brain. Both parents were found "reason to believe for physical abuse" by the Department. A monitored return to the mother was attempted after the initial removal; however, the children were removed a second time. At the time of the second removal, I.V.I. had what looked like a burn on the inside of one thigh and finger-type bruising on the inside of the other thigh.

The evidence at trial was undisputed that, while this case was pending, Appellant and her boyfriend engaged in domestic violence in the children's presence. Other instances of violence involving Appellant and her boyfriend occurred while this case was pending. The conservatorship caseworker testified that Appellant continued to engage in domestic violence, with Appellant being the abuser as well as the victim. Appellant testified that, at the time of trial, she was no longer in a relationship with the children's father or with the violent boyfriend.

The uncontroverted evidence showed that Appellant did not comply with all of the provisions of her court-ordered service plan, though she did complete some of the required services. In particular, Appellant failed to complete domestic violence counseling and failed to attend batterer's prevention intervention. The conservatorship caseworker testified that Appellant was not able to provide a safe home for the children, and Appellant seemed to agree with that assessment. For this reason, Appellant asked that the children be placed with her father.

The conservatorship caseworker testified that the Department's goal for the children was adoption by the current foster parents. The children's guardian ad litem (CASA of West Texas) and the children's attorney ad litem both believed that termination of the parents' parental rights would be in the best interest of the children. The children were placed in a foster home after the initial removal and were returned to the same foster home after the monitored return to Appellant failed. The placement is a foster-to-adopt home. The children are doing very well in that home. The foster parents are meeting all of the children's needs, including I.V.I.'s special medical needs. The foster parents wish to adopt the children if the children become available for adoption.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have

formed a firm belief or conviction that it would be in each child's best interest for Appellant's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.

JOHN M. BAILEY

JUSTICE

March 28, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.