

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00135-CV

**IN THE INTEREST OF C.I.C.** and V.A.L., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-00867
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  August 22, 2018

AFFIRMED

C.L. (hereinafter referred to as "Mother") appeals the trial court's order terminating her parental rights to her children, C.I.C. and V.A.L.  On appeal, Mother argues the evidence is legally and factually insufficient to support the trial court's finding that termination was in the children's best interest.  We affirm the trial court's order.

### BACKGROUND

On April 24, 2017, the Texas Department of Family and Protective Services filed a petition to terminate Mother's parental rights to C.I.C. and V.A.L.  A bench trial was held on March 5, 2018.

The Department's investigator testified the Department received a referral on March 31, 2017 after three-year-old V.A.L. was taken to the emergency room by his grandmother for a head

injury allegedly sustained from falling off a bunk bed. The child was assessed and found to have other injuries, including a laceration on his back, bruises on his back and both legs, and a bruise on his face. Hospital staff was told the injuries were inflicted by V.A.L.'s older brother, C.I.C., who was then five years old. C.I.C. indicated there was domestic violence in the home between Mother and her boyfriend. The investigator stated that when she visited the home, Mother's boyfriend cursed and was very hostile. He let his pit bull dog loose on the investigator and her supervisor, and tried to assault the supervisor. He also threatened to kill himself. The Department attempted to avoid removing the children from the home by implementing a family safety plan, but Mother and her boyfriend would not comply with the plan's requirements. Mother and her boyfriend admitted to marijuana use. The children were currently placed with their maternal aunt.

The Department caseworker testified that Mother had not completed her service plan. Specifically, she had not completed individual counseling, drug treatment, and parenting and domestic violence classes. During the pendency of the case, Mother tested positive for cocaine and marijuana. The caseworker did not think Mother had addressed her drug problem and noted that she refused inpatient drug treatment. Mother did not provide proof of housing and employment as required by the service plan and the caseworker did not believe Mother could provide a safe and stable home environment for the children. She testified that the children were currently in a stable placement and that they had thrived in the care of their maternal aunt and uncle. The Department planned for the maternal aunt to adopt the children if parental rights were terminated, and the aunt had indicated a willingness to adopt the children.

Mother testified that she was engaged in her services, had attended sixteen individual counseling sessions, was employed and living with her mother, and had completed a psychological and psychiatric assessment and was taking ordered medication. She stated she was enrolled in a program focused on parenting, relapse prevention, and drug awareness. She was also enrolled in a

domestic violence class. She conceded she had not completed drug treatment and had tested positive for drugs during the case. She stated she was no longer with her boyfriend, and had learned through her courses to put her children first and not let a man come between her and her children.

The Department, the children's attorney ad litem, and the CASA volunteer recommended that Mother's parental rights be terminated. After hearing the testimony and argument of counsel, the trial court terminated Mother's parental rights.

## STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of four predicate grounds to terminate Mother's parental rights and also found termination of Mother's parental rights was in the best interest of the children.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04–16–00516–CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

## BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors

include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

There was no evidence regarding the children's desires, but the caseworker testified that they have bonded with their maternal aunt and uncle and are happy and thriving. *See In re S.R.*, 452 S.W.3d 351, 369 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("When children are too young to express their desires, the factfinder may consider whether the children have bonded with the foster family [and] are well-cared for by them . . . ."). Although Mother testified that she was attending classes and had completed required assessments, including taking prescribed medication, Mother tested positive for drugs two months before trial and had refused the recommended inpatient drug treatment. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child). In addition, Mother had not provided the Department with proof of stable housing and employment. *See In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding

that termination is in the best interest of the child). Our standard of review requires that we defer to the trial court as the sole judge of the weight and credibility of the evidence. *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) ("[w]itness credibility issues 'that depend on appearance and demeanor cannot be weighed by the appellate court; the witnesses are not present. And even when credibility issues are reflected in the written transcript, the appellate court must defer to the [factfinder's] determinations, at least so long as those determinations are not themselves unreasonable.'").

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination of Mother's parental rights was in the children's best interest.

## CONCLUSION

The order of the trial court is affirmed.

Rebeca C. Martinez, Justice