Opinion filed April 7, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00235-CV

_____

## IN THE INTEREST OF S.H., A.H., AND C.K., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9937-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother of the children, S.H., A.H., and C.K., and the father of C.K.[1] The mother filed this appeal. On appeal, she presents one issue in which she challenges the trial court's finding that the termination of her parental rights would be in the children's best interest. We affirm the order of the trial court.

---

[1]We note that the father of S.H. and A.H. was deceased at the time of trial.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2). In her sole issue on appeal, Appellant asserts that the termination of her parental rights was not in the children's best interest. Appellant appears to challenge both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).

But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

The record shows that the Department of Family and Protective Services received an intake in January 2020 based upon concerns that Appellant was using cocaine, heroin, Xanax, and MDMA while caring for her three children, who at that time were approximately five years, four years, and one year old. During the investigation, the Department requested that Appellant submit to a drug test and that she take her children to be drug tested. Appellant submitted to a hair follicle test; she tested positive for methamphetamine. The Department subsequently obtained a court order and took the children for testing; all three children tested positive for methamphetamine. As a result, the children were removed from Appellant's care.

After the children were removed, employees of the Department and 2INgage worked with Appellant on her court-ordered family service plan. Appellant did well at first but eventually "fell off the radar," resumed the use of illicit drugs, and quit visiting the children. At the time of trial, she had not visited or had any contact with

the children in eight months. Appellant initially did well on her service plan, but she eventually quit participating in her services and quit communicating with the 2INgage case manager.

Appellant did not appear for trial, and her attorney indicated that he had had no recent contact with her. The 2INgage case manager testified that she had been attempting to contact Appellant through various means since December 2020. Despite those efforts, she had been unable to reach or find Appellant from December 2020 to the date of the final hearing in September 2021. Appellant had not submitted to a drug test since October 2020.

The 2INgage case manager believed that it would be in the children's best interest for Appellant's parental rights to be terminated. The Department's plan for the children was for A.H. and S.H. to be adopted by their paternal aunt and for C.K. to be adopted by her foster parents. The record shows that A.H. and S.H.'s paternal aunt was in the process of obtaining a foster-to-adopt license so that she could adopt A.H. and S.H. A.H. and S.H. were still in foster care at the time of trial, but they had visited the paternal aunt and those visits went "very well." The record also shows that C.K. had been placed in an adoptive foster home and that her foster parents wish to adopt her. The Department had no concerns about the parenting abilities of A.H. and S.H.'s paternal aunt or C.K.'s foster parents, nor did the Department have any concerns about the abilities of the adoptive parents to meet the children's needs.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. We note that the record in this case is somewhat scant. Nonetheless, giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or

conviction that termination of Appellant's parental rights would be in the best interest of A.H., S.H., and C.K. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children, the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of those involved, the plans for the children by the Department, Appellant's use of methamphetamine while the children were in her care, Appellant's exposure of all three children to methamphetamine, Appellant's return to the use of drugs while the case was pending below, Appellant's failure to visit or have any contact with her children for eight months, and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of A.H., S.H., and C.K. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

April 7, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.