**Opinion filed June 30, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00009-CV

_____

## IN THE INTEREST OF M.A., A CHILD

---

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10279-CX**

---

## MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of M.A.  Only the mother appealed.  In her sole issue on appeal, she challenges the trial court's finding that the termination of her parental rights is in the child's best interest.  We affirm the order of the trial court.

I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West 2022).  To terminate one's parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2). In her sole issue on appeal, Appellant challenges both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the

2

child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence and Analysis*

The record shows that the Department of Family and Protective Services became involved in this case after the police were called to the residence where the parents, M.A., and others lived. The allegations in the Department's intake were that the parents had engaged in domestic violence in the child's presence and that the parents had been using methamphetamine. Appellant's history with the Department included previous similar allegations. During the Department's investigation in this particular case, Appellant did not cooperate with the Department, and she refused to submit to a drug test. The Department subsequently obtained an order and took M.A. to be tested for drugs; M.A. tested positive for methamphetamine. Because Appellant did not have an appropriate person to supervise her and M.A. at all times, M.A. was removed from Appellant's care.

It was undisputed at trial that Appellant failed to comply with the terms of her court-ordered family service plan and was, at times, hostile toward the Department's employees. Appellant used methamphetamine while this case was pending in the trial court. Moreover, she continued to engage in a relationship with M.A.'s father, who tested positive for methamphetamine at extremely high levels while this case was pending below. Just one and one-half months before the final termination hearing, Appellant's drug test results came back positive for methamphetamine at a "very high" level. Appellant, however, told others that she did not have a

3

methamphetamine problem and did not know "where the methamphetamine positive drug tests are coming from."

Appellant did not appear for trial; however, she did attend most of her scheduled visits with M.A., although she was late to many of them. Those visits went well: Appellant was appropriately engaged and took care of M.A.'s needs during visitation. At the time of trial, the Department's main concern with Appellant was her continued use of methamphetamine.

At the time of the final hearing, M.A. was two years old. She had been placed in foster care and was doing well there. The permanency case manager for the Department testified that M.A. was always happy and that the foster family was "great with her" and took care of all of her needs. M.A.'s foster mother testified that M.A. was developmentally delayed but that she was participating in speech therapy and occupational therapy. The foster parents plan to adopt M.A. if she becomes available for adoption.

The permanency case manager believed that M.A. would be in danger if she were returned to Appellant. He also believed that it would be in M.A.'s best interest for Appellant's parental rights to be terminated. The Department's goal was termination of the parents' rights and adoption by the foster parents with whom M.A. had been placed. The child's attorney ad litem also agreed that termination of Appellant's parental rights would be in M.A.'s best interest; the ad litem had even filed a counter-petition seeking termination of both parents' parental rights.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be

in the best interest of M.A.  *See Holley*, 544 S.W.2d at 371–72.  Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's continued use of methamphetamine while the case was pending below, and Appellant's continued relationship with the father—who also abused methamphetamine, we hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of M.A.  *See id.*  We defer to the trial court's finding as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence.  Accordingly, we overrule Appellant's sole issue on appeal.

### III.  *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER
JUSTICE


June 30, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5