

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00739-CV

**IN THE INTEREST OF T.S.C.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-00266
Honorable Richard Garcia, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed:  March 6, 2019

AFFIRMED

Appellant Jose files this accelerated appeal from the trial court's order terminating his parental rights to T.S.C. We affirm the trial court's judgment.

## Background

Jose is the presumed father of T.S.C., who was twenty-two months old at the time of trial. Stephanie is T.S.C.'s mother. Based on reports of drug use and neglectful supervision of T.S.C. by Stephanie, the Texas Department of Family and Protective Services ("the Department") removed T.S.C. from Stephanie's custody and filed a petition to terminate Stephanie's and Jose's parental rights. At the time the petition was filed, Jose was serving a four-year sentence of incarceration for family violence committed against Stephanie. Jose's projected release date is in November 2020.

The trial court held a final termination hearing on September 21, 2018. Jose appeared at trial by telephone and testified T.S.C. is his daughter and he wants to have a relationship with her. Jose testified he is not seeking custody of T.S.C. but wants the opportunity to be a part of her life once he is released from incarceration. Jose admitted he has an extensive history of arrests and convictions for domestic violence but expressed a desire and willingness to engage in services and pay child support. Stephanie did not appear at trial.

The Department investigator testified she went to Stephanie's home prior to the removal to investigate reports that Stephanie was using heroin, marijuana, Xanax, and crack cocaine and that T.S.C. was digging through the trash for food to eat. The investigator testified Stephanie's home was cluttered and T.S.C.'s crib had cigarette butts in it. Stephanie admitted using methamphetamines daily and appeared under the influence of methamphetamines when she met with the investigator. Stephanie also admitted she had used heroin "for several years" but had used methamphetamines since "relapsing" two or three months prior to her meeting with the investigator.

A Department caseworker testified that Stephanie enrolled in a drug detox program but left after three days, tested positive for methamphetamines, and otherwise failed to complete services or engage with the Department. The caseworker sent five letters to Jose and received three replies. Jose provided the caseworker with the names of his two sisters and his mother "as potential placements" for T.S.C., but the caseworker did not follow up with Jose's relatives because T.S.C. already had been placed with her maternal grandmother in a licensed foster home. The caseworker testified T.S.C. is very attached to and very connected with her grandmother, and Jose testified he had no problem with T.S.C. continuing to live with her grandmother.

The trial court entered a final order of termination terminating Stephanie's and Jose's parental rights. With respect to Jose, the trial court found: (1) Jose's parental rights were terminated

pursuant to Texas Family Code section 161.002 because he failed to file an admission of paternity or a counterclaim for paternity; (2) termination of Jose's parental rights was supported by Texas Family Code section 161.001(b)(1)(D), (N), (O), and (Q); and (3) termination of Jose's parental rights was in T.S.C.'s best interest.

## Standard of Review

To terminate parental rights, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) termination is in the best interest of the child. TEX. FAM. CODE ANN. §§ 161.001(b); 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We review the legal and factual sufficiency of the evidence using well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

## Discussion

In five issues, Jose challenges the trial court's section 161.002 finding, as well as the trial court's predicate statutory findings. Jose does not challenge the trial court's best interest finding.

## A.     Section 161.002 finding

In his first issue, Jose argues the evidence presented at trial was insufficient to support termination of his parental rights under section 161.002 because his appearance at trial and opposition to termination of his parental rights constitute an admission of paternity.

Section 161.002 provides that an alleged father's parental rights may be terminated if, after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity. TEX. FAM. CODE ANN. § 161.002(b)(1). "There are no formalities that must be observed when filing an admission of paternity or for such an admission to be effective." *In re J.L.A.*, No. 04-13-00857-CV, 2014 WL 1831097, at *2 (Tex. App.—San Antonio May 7,

2014, no pet.) (mem. op.). "In fact, by appearing at trial and admitting that he is the child's father, an alleged father triggers his right to require the Department to prove one of the grounds for termination under section 161.001(1) and that termination is in the best interest of the child." *Id.*

Here, Jose appeared at trial and opposed termination of his parental rights. In its brief, the Department concedes Jose's participation at trial and judicial admission of paternity satisfies section 161.002(b)(1). Therefore, the Department was required to prove at least one of the grounds for termination under section 161.001(1) and that termination is in T.S.C.'s best interest. *See* TEX. FAM. CODE ANN. § 161.002(a); *In re J.L.A.*, 2014 WL 1831097, at *2.

## B.    Predicate statutory findings

In his second through fifth issues, Jose argues the evidence presented at trial is legally and factually insufficient to support the trial court's predicate statutory findings. The trial court found by clear and convincing evidence that Jose: (1) knowingly placed T.S.C., or allowed her to remain in, conditions or surroundings that endanger her physical or emotional wellbeing; (2) constructively abandoned T.S.C.; (3) failed to comply with a family service plan; and (4) knowingly engaged in criminal conduct that has resulted in conviction and imprisonment and inability to care for T.S.C. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (N), (O), and (Q). Where, as here, the trial court terminates a parent's rights on multiple grounds, we may affirm on any one ground. *In re A.V.*, 113 S.W.3d at 362.

In his second issue, Jose argues the evidence presented at trial is legally and factually insufficient to support the trial court's predicate finding under subsection (D). To terminate parental rights under subsection (D), the Department must demonstrate Jose "knowingly placed or knowingly allowed [T.S.C.] to remain in conditions or surroundings which endanger [her] physical or emotional well-being." TEX. FAM. CODE ANN. § 161.001(b)(1)(D). T.S.C.'s "environment" includes the suitability of her living conditions and the conduct of parents or others in her home.

*In re R.S.-T.*, 522 S.W.3d 92, 108–09 (Tex. App.—San Antonio 2017, no pet.). "'Inappropriate, abusive, or unlawful conduct by a parent or other persons who live in [T.S.C.'s] home can create an environment that endangers [her] physical and emotional well-being . . . as required for termination under subsection D.'" *Id.* at 109 (quoting *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). Even if Jose did not know for certain that T.S.C. was in a dangerous environment, his awareness of potential endangerment is sufficient. *Id.*

Jose argues there is no evidence in the record demonstrating he was aware of any risk of endangerment to T.S.C. while she was in Stephanie's care. At the time of trial, Jose was serving a four-year sentence for an incident of domestic violence against Stephanie that took place in October 2015. Jose ended his relationship with Stephanie in October 2016 and T.S.C. was born in November 2016. Jose turned himself in to the police one week after T.S.C. was born, leaving her in Stephanie's care during his incarceration. Fifteen months after T.S.C. was born, Stephanie admitted to the Department caseworker that she had used heroin for "several years" and had begun using methamphetamines daily during the several months prior to the Department investigation and while T.S.C. was in her custody. Because there was evidence in the record that Stephanie had been using heroin "for years," the trial court could infer that Stephanie's drug use overlapped with her relationship with Jose and Jose was aware of the potential for Stephanie to continue using drugs while caring for T.S.C. A parent's use of illegal drugs supports a finding that the child's surroundings endanger her physical or emotional well-being. *In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no pet.).

Therefore, based on our review of the entire record, we conclude the evidence presented at trial is legally and factually sufficient to support the trial court's finding that Jose placed or knowingly allowed [T.S.C.] to remain in conditions or surroundings which endanger [her] physical

or emotional well-being." *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D). Jose's second issue is overruled.

## Conclusion

Although we conclude termination of Jose's parental rights under Texas Family Code section 161.002(b)(1) was inappropriate because Jose admitted paternity, we affirm the trial court's judgment because: (1) we conclude the evidence supports the trial court's section 161.001(b)(1)(D) finding, and (2) Jose does not challenge the trial court's best interest finding. Because we overrule Jose's second issue, we need not address his third through fifth issues.

Sandee Bryan Marion, Chief Justice