**Opinion filed December 12, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00205-CV

_____

## IN THE INTEREST OF S.N.S., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9259-CX**

### MEMORANDUM OPINION

This appeal stems from an order in which the trial court terminated the parental rights of the mother and the alleged father of S.N.S. The mother timely filed a notice of appeal. In her sole issue on appeal, she challenges the factual sufficiency of the evidence to support the trial court's finding as to the child's best interest. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019). To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that the mother had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (E), (M), and (O). Specifically, the trial court found that the mother had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, that the mother had had her parental rights terminated to another child based on a finding under subsection (D) or (E), and that the mother had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child. *See id.* § 161.001(b)(1)(E), (M), (O). The trial court also found, pursuant to Section 161.001(b)(2), that termination of the mother's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

On appeal, Appellant challenges the factual sufficiency of the evidence with respect to the best interest finding; she does not challenge the sufficiency of the evidence to support the findings under subsections (E), (M), and (O). To determine if the evidence is factually sufficient in a parental termination case, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Background Facts*

The record reflects that Appellant has been involved with the Department of Family and Protective Services since 2015. At the time of trial in this case, the Department was the managing conservator of four of Appellant's five children; her other child, J.S., had been adopted by his placement. The present case was initiated in 2018 shortly after S.N.S.'s premature birth; her "cord blood" tested positive for marihuana. At that time, Appellant had an open conservatorship case that involved J.S. Appellant's parental rights to J.S. were terminated approximately two months after S.N.S. was born. The trial court in J.S.'s case found that Appellant had engaged in conduct or knowingly placed J.S. with persons who engaged in conduct that endangered J.S.'s physical or emotional well-being. *See* FAM. § 161.001(b)(1)(E).

While the present case was pending, Appellant did not cooperate with the Department, did not maintain contact with the caseworker, and did not attempt to complete her court-ordered services in this case. She refused to drug test throughout the case, failed to maintain steady employment, and failed to maintain stable housing. Furthermore, Appellant had mental health issues and anger problems that

3

were a major concern for the Department. The Department had referred Appellant for psychological evaluations and mental health treatment more than once in the past. About two weeks before the final hearing in this case, Appellant threatened bodily injury to the conservatorship caseworker. She had made similar threats to hospital personnel while S.N.S. was in the hospital's NICU.

The conservatorship caseworker testified that she believed that termination of Appellant's parental rights would be in S.N.S.'s best interest. S.N.S. had been in the care of the same foster parents since she was ten days old and in the NICU. The foster parents and S.N.S. were "very bonded," and the foster parents wanted to adopt S.N.S. They provided a safe, stable, loving, and calm environment, and S.N.S. was happy and well-adjusted. The CASA volunteer that had been working this case since S.N.S. was first placed in foster care was in favor of S.N.S. being adopted by her foster parents.

*Analysis*

We have considered the record as it relates to the desires of the child (who, in this case, was too young to express any desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of Appellant and of the persons with whom the child was placed, the Department's plans for the child, Appellant's inability to provide a safe home for the child, Appellant's mental health issues and anger problems, and Appellant's drug use. The trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial and the *Holley* factors, that termination of Appellant's parental rights would be in the best interest of the child at issue in this appeal. *See Holley*, 544 S.W.2d at 371–72. Therefore, we hold that the evidence is factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of S.N.S. *See id.* We overrule Appellant's sole issue on appeal.

4

*This Court's Ruling*

We affirm the trial court's order of termination.

JOHN M. BAILEY

CHIEF JUSTICE

December 12, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.