

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00415-CV

IN THE INTEREST OF A.M., A CHILD

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2021-544,644, Honorable J. Phillip Hays, Presiding

May 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Mother and Father of twelve-year-old AM appeal from the trial court's order terminating their rights. Though both pose four issues, they explain that the first two are meritless, much like in an *Anders* situation. The last two issues concern whether the parents were denied due process when purportedly not notified of the final hearing date and whether the trial court erred in denying counsel's oral motion for continuance. We affirm.

### Background

The Texas Department of Family and Protective Services (Department) encountered the family in December 2022, after AM was left at school. School personnel

unsuccessfully attempted to contact her parents. Eventually, police assistance arrived. An officer proceeded to the child's home where he found Father asleep on a couch. The rather dirty abode had neither electricity nor running water. That resulted in the officer's contacting the Department.

Mother eventually arrived at the school to acquire AM. An officer noted that Mother smelled of methamphetamine. His ensuing investigation of her revealed a criminal history relating to, in part, methamphetamine. The Department investigator arriving at the scene discovered AM improperly dressed for the cold weather and was thin, unkempt, and undernourished. Her initial queries also disclosed that the child had often been late for school, had many absences, and was falling behind in her classes.

The parents and AM eventually rented a hotel room for the night. Thereafter, Mother and Father refused a request to submit to drug testing. They also refused to cooperate with the Department, proclaiming they had spoken with legal counsel.

Effort was later made to contact the parents between January 6 and February 2023, without success. Yet, ultimately, the group was found at a Motel 6. When approached by the Department, Mother and Father again refused to cooperate with the Department, despite the latter having obtained an order mandating it. That resulted in the Department's seeking the removal of AM from the parents and the termination of their parental rights.

An adversary hearing ensued, after which the Department was named the child's temporary managing conservator, and the parents were ordered to complete a service plan. Neither parent completed all the ordered services. Uncompleted services included attending programs to assess families with drug related issues, participating in inpatient

or outpatient drug abuse treatment, and verifying attendance at AA/NA programs. Mother also failed to complete therapy and attend the 12 parenting classes ordered of her. So too was she arrested and convicted for possessing a controlled substance while the cause pended.

Regarding the final hearing, the district court convened a jury trial de novo in December 2024. Neither parent appeared. Upon hearing evidence, the jury rendered its verdict finding that the parents violated §§ 161.001(b)(1)(D), (E), (K), and (O) of the Texas Family Code. It further found that termination was in the child's best interests. Based upon that verdict, the trial court ordered the termination of parental rights. This appeal followed.[1]

### Issues One and Two

Through the first two issues, it seems as though Mother and Father wish to challenge the legal and factual sufficiency of the evidence underlying the termination of their parental rights. Yet, they conceded the matters were not preserved for review as required by the Texas Rules of Civil Procedure. And, though they argue that at least a factually sufficiency review could be conducted if trial counsel provided ineffective assistance by failing to preserve the issue, *see In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (so noting), they also concede that any claim of ineffective assistance was meritless. Our own review of the record confirms both of their concessions. Thus, we overrule the issues and turn to those remaining.

---

[1] The parents appeal from the trial court's findings after a de novo hearing. Their rights were initially terminated by the associate judge based on affidavits through which the parents voluntarily relinquished their parental rights.

***Issue Three***

Via their third issue, Mother and Father urge that their due process rights were denied them. This purportedly happened when they were not afforded notice of the jury trial setting. We overrule the issue for the following reasons.

First, the record illustrates that someone claiming to be Mother called the court on the day trial was scheduled to begin. The caller then inquired if the proceeding would begin that day. That indicates notification of the trial date by some means for there would be little reason to make the call when made and pose that question.

Second, both parents also attended the pretrial conference whereat the final hearing date was discussed. They were also informed by the trial court to remain in contact with their attorney and the Department. The latter attempted to contact them by phone and appearance at their apartment to remind them of the trial date. Both the phone number and apartment address were the last given the Department by the parents. The Department received no response to either effort.

Third, the record reveals that counsel for the parents was properly notified and appeared for trial. That knowledge was and is imputed to them; and this is true even though the proceedings concerned the termination of parental rights. *In re J.G.*, No. 02-24-00022-CV, 2024 Tex. App. LEXIS 4148, at *17 n.6 (Tex. App.—Fort Worth June 13, 2024, no pet.) (mem. op.); *In re N.F.*, No. 09-19-00435-CV, 2020 Tex. App. LEXIS 3650, at *52-53 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.); *In re S.H.*, No. 02-05-174-CV, 2006 Tex. App. LEXIS 213, at *6 (Tex. App.—Fort Worth Jan. 12, 2006, no pet.) (mem. op.).

Fourth, in civil appeals, those protesting of trial court error must brief harm. That is, they have the burden of explaining how the alleged error harmed them. *Owings v. Kelly*, No. 07-20-00115-CV, 2020 Tex. App. LEXIS 8805, at *7 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.). Neither parent attempted that here; so, they failed to carry their burden to establish reversible error.

### *Issue Four—Error in Denying Motion for Continuance*

Through their final issue, the parents argue the district court erred in denying their motion for continuance. Counsel requested same due to the absence of her clients at trial. Again, they alleged they lacked notice of the trial date. We overrule the issue.

Our discussion regarding this issue refers back to the reasons for overruling issue three. Those provided the trial court reasonable basis upon which to exercise its discretion in deciding to proceed with trial. *Owings, supra; see also In re T.A.S.*, No. 05-15-01101-CV, 2016 Tex. App. LEXIS 681, at *10 (Tex. App.—Dallas Jan. 22, 2016, no pet.) (mem. op.) (noting the standard of review as abused discretion). In short, the parents knew of the trial date and failed to attend.

We affirm the final termination order of the trial court.


Brian Quinn
Chief Justice