

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00412-CV

IN THE INTEREST OF T.C.-J., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 095058-E-FM, Honorable Carry Baker, Presiding

April 16, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

In this accelerated appeal, Mother seeks reversal of the trial court's judgment terminating her parental rights to her child, T.C.-J., in a suit brought by the Texas Department of Family and Protective Services.[1] She challenges the sufficiency of the evidence to support the jury's best-interest finding and contends the trial court abused its

---

[1] To protect the privacy of the parties involved, we will refer to the Appellant as "Mother," and the child by her initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b).

discretion in admitting evidence of her history with the Department.[2]  We affirm the trial court's judgment of termination.

## BACKGROUND

In May of 2019, the Department removed newborn T.C.-J. from Mother's care due to concerns of Mother's drug use during her pregnancy.  Mother admitted that she tested positive for "pills, weed, and mar—um, meth" at three prenatal visits.  After participating in a Department service plan for nine months, T.C.-J. was returned to Mother's care.

The Department again became involved with Mother and five-year-old T.C.-J. in November of 2024, when it investigated allegations that Mother had a history of methamphetamine abuse and had relapsed.  After submitting to drug testing, Mother tested positive for methamphetamine and amphetamine.  According to Mother, the drug test results were "altered."  She agreed to participate in a safety plan whereby her son would supervise her with T.C.-J.  Before the safety plan could be implemented, she attempted to remove T.C.-J. from school.  The Department sought and obtained an emergency removal order.  T.C.-J. was placed in a foster home and screened for drugs.  T.C.-J.'s hair follicle tested positive for methamphetamine at an extremely high level.  An expert in forensic toxicology testified that the level was "roughly twenty times the cut off," indicating the result was due to a "pattern of use or exposure."

After T.C.-J. was removed from her care, Mother was required to complete several tasks and classes as part of a Department service plan.  A caseworker testified that

---

[2] Father's parental rights were also terminated in this proceeding but he does not appeal.

Mother obtained a psychological, psychosocial, and mental health evaluation; completed a substance abuse assessment; and attended seven sessions of individual counselling. She did not otherwise complete what was required. Specifically, she failed, among other things, to complete an outpatient drug rehabilitation program and maintain a drug-free lifestyle. She did not submit to random drug screenings in February, March, July, and September of 2025. Mother's hair follicle testing in June of 2025 was positive for methamphetamine and showed a "pattern" of repetitive use. Mother's visitation with T.C.-J. was suspended in July of 2025 due to Mother's multiple positive drug screens for methamphetamine. Throughout the case, Mother consistently denied using methamphetamine, but uncontroverted hair strand tests and urinalysis testing continued to show a positive result for methamphetamine.

At the time of the final hearing, T.C.-J. had been in the Department's care for a year. She is thriving in her foster home placement, and the foster family is motivated to adopt her if parental rights are terminated. T.C.-J. attends first grade and she is meeting appropriate milestones. She is described as healthy and happy.

The jury returned a unanimous verdict terminating Mother's parental rights to T.C.-J. on the grounds of endangering conditions, endangerment, constructive abandonment, and failure to complete a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (N), (O). The jury also found that termination was in T.C.-J.'s best interest. *See id.* § 161.001(b)(2). Mother timely filed this appeal.

**ANALYSIS**

Best-Interest Finding

In her first issue, Mother argues the evidence is legally and factually insufficient to support the best-interest finding. We hold that Mother did not preserve this complaint for review.

Following a jury trial, a challenge to the legal sufficiency of the evidence must be preserved in one of five ways: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the question to the jury, (4) a motion to disregard the jury's answer to a vital fact question, or (5) a motion for new trial. *In re B.P.-R.*, No. 07-25-00228-CV, 2026 Tex. App. LEXIS 462, at *5 (Tex. App.—Amarillo Jan. 21, 2026, no pet.) (mem. op.); *see* TEX. R. APP. P. 33.1(a). Preservation of a factual sufficiency challenge requires a motion for new trial. *In re B.P.-R.*, 2026 Tex. App. LEXIS 462, at *5; TEX. R. CIV. P. 324(b)(2).

Mother filed none of the required motions or objections necessary to preserve her sufficiency complaints. Nor does she argue that counsel unjustifiably failed to preserve error. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (stating "the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in trial court—if the parent's counsel unjustifiably failed to preserve error," but finding no error because mother "never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error"). Because Mother failed to preserve her complaint of legal and factual evidentiary sufficiency as to the jury's best-interest finding, we overrule her first issue.

4

Evidence of Prior Department History

In her second issue, Mother contends the trial court erred in admitting evidence of Mother's prior history with the Department because it was "far more prejudicial than probative," "should have been excluded," and "the case should have been decided on this current CPS case and nothing more." In support of her contention, she points to the text of Texas Rule of Evidence 403 and states that "[the rule] requires the [trial] court do a balancing test." However, her objection at trial was that the matter was covered in her motion in limine, not that the evidence should have been excluded under Rule 403 as unfairly prejudicial. Mother's complaint on appeal does not comport with her objection made at trial.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1. If a party fails to do this, error is not preserved, and the complaint is waived. *In re A.G.*, No. 07-17-00298-CV, 2018 Tex. App. LEXIS 243, at *4 (Tex. App.—Amarillo Jan. 9, 2018, pet. denied) (mem. op.). We do not find any indication in the record that Mother raised in the trial court her complaint that evidence of her history with the Department was more prejudicial than probative. We may not consider a complaint that was not ruled on by the trial court. *In re A.G.*, 2018 Tex. App. LEXIS 243, at *5.

Likewise, Mother's objection at trial, that the evidence was subject to her motion in limine, does not comport with her appellate complaint. When a party's argument on appeal does not comport with her objection at trial, her appellate issue is waived. *In re*

*Marriage of Wright*, No. 07-22-00233-CV, 2023 Tex. App. LEXIS 2137, at *5 (Tex. App.—Amarillo Mar. 31, 2023, pet. denied) (mem. op.) (citing *Moser v. Davis*, 79 S.W.3d 162, 169 (Tex. App.—Amarillo 2002, no pet.)).  Because Mother's argument was not presented to the trial court below, any error was not preserved, and we must overrule her issue.

CONCLUSION

Having overruled both issues raised by Mother, the judgment terminating parental rights is affirmed.

Judy C. Parker
Chief Justice